———O———

## No. 3601.

### (Court of Appeal, Parish of Orleans.)

### SUCCESSION OF AMELIA L. BEGUE.

Appeal from Civil District Court, Division "D."

P. F. Hennessey, for Plaintiff and Appellee.

Theo. Cotonio, for Defendant and Appellant.

1. Art. 1017 C. P. requires that the removal of tutors shall be by petition and citation and that the proceedings shall be conducted in the ordinary way.

2. There is nothing in jurisprudence, which warrants any deviation from the letter of that law.

DUFOUR, J. This appeal is taken from a judgment making absolute a rule taken by an undertutor on the tutor to have him dismissed from office.

The tutor excepted to the mode of procedure, and it was error not to maintain his exception.

The Code of Practice requires that such removal should be by petition and citation, and that the proceedings should be conducted in the ordinary way. C. P. 1017; 28 An. 324; 45 An. 1064. The other cases referred to do not militate against this view.

In Gray vs. Waddell, 33 An. 1021, a direct suit for removal had been previously brought, and it was cumulated and tried with the opposition to the account.

Succession of Townsend, 37 An. 405, merely held that a proceeding by rule to dismiss an executor or administrator in specified instances was expressly authorized by Art. 1151 R. C. C.

Yet, the subsequent case in the 45 An. cited alone is emphatic in its enforcement of Art. 1017 C. P. in respect to the mode of removal of tutors.

Succession of Glover, 43 An. 462, is not in point, while the court allowed the removal of an executor on an opposition to an account, the opinion states that no objection was made to the form of proceeding.

We find nothing in jurisprudence warranting any deviation from the letter of the law, so far as it relates to the removal of tutors.

Judgment reversed and rule dismissed without prejudice to mover's right to proceed according to law, costs of both courts to be paid by the estate.